No. 13,224.

Sharer *v.* The People.

(22 P. [2d] 415)

Decided April 24, 1933. Rehearing denied May 29, 1933.

Mr. Prentiss E. Rowe, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Oliver Dean, Assistant, for the people.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

THE defendant, plaintiff in error here, was found guilty of forgery. He was sentenced to the penitentiary. The assignments of error and the briefs in support of them ask us to reverse the judgment because of what are claimed to be prejudicial errors committed by the trial court. However, it will not be necessary to consider any of these alleged errors. The point decisive of this case appears on the face of the record. People's exhibit D is a photostatic copy of the check set out in the information as follows:

"Colorado Springs, Colorado, 3/24/1927          No. 784
          The Dollar Building and Loan Association
Pay to the Order of Fred G. Forbes          $300.00
     Exactly Three Hundred Dollars No Cents     Dollars
               The Dollar Building and Loan Association
Colorado Springs National Bank)
Colorado Springs, Colorado          )
                              By E. C. Sharer
                              President Treasurer"

People's exhibit C is a photostatic copy of what appears to be the reverse side of a check. The original check, of which exhibit D is a copy, was not before the court. Witnesses for the people testified positively that exhibit C correctly represents the reverse side of the check represented by exhibit D. Inasmuch as the endorsement "Fred G. Forbes" on exhibit C is the signature which the defendant is charged with forging on the back of the check whose face is pictured in exhibit D, and in fact the only endorsement upon which the evidence of either lay or expert witnesses was based at the trial, it is plain that, if exhibit C is not the reverse side of exhibit D as claimed by the people, the conviction must be set aside. An inspection of exhibits C and D reveals on each the existence of the usual perforation showing the date of payment at the bank. The perforation on exhibit C is "Paid 3-19-27," reversed; the perforation on exhibit D is "Paid 3-26-27." Furthermore, exhibit D

is dated March 24, 1927, five days after exhibit C purports by its perforation to have been paid. It is obvious that exhibits C and D could not constitute one single check.

The judgment is reversed.